UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62644-CIV-SINGHAL

ADIBA EVA HAIDER,

Petitioner,

v.

FACILITY ADMINISTRATOR,
BROWARD TRANSITIONAL
CENTER, et al.,

Respondents.

_______________________________________/

**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner's Motion for Temporary Restraining Order/Preliminary Injunction (DE [8]) and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (DE [1]). For the reasons explained below, both the petition and the motion are denied.

## I. Background

On February 3, 2023 Adiba Haider, ("Petitioner"), a citizen and national of the United Kingdom, was admitted to the United States under the Visa Waiver Program ("VWP"), with authorization to remain until February 12, 2023. She remained in the United States beyond the authorized period.

More than three years later, on August 19, 2026, Petitioner encountered United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") at Newark International Airport while attempting to board a plane to California. Petitioner was detained and served with a Notice of Intent to Issue a Final

Administrative Removal Order, charging her with removability under 8 U.S.C. §1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States. Petitioner contested said allegations and charge(s) by checking “other” without further reasoning. Petitioner was then served with a Notice to Alien Ordered Removed/Departure Verification. Petitioner was also served a Final Administrative Removal Order to the United Kingdom, and with Warning for Failure to Depart.

Petitioner now challenges the statutory and constitutional legality of her present physical custody. Petitioner seeks immediate release, claiming she has demonstrated cooperation with law enforcement, and mentioning that she suffers from a variety of physical and psychiatric conditions. Alternatively, she asks this Court “to require a prompt and constitutionally adequate individualized custody hearing, on an expedited schedule, and to require production of the complete custody record.”

## II. Discussion

### a. Petition for Writ of Habeas Corpus

While the Court is sympathetic to Petitioner’s physical and psychiatric conditions, they are irrelevant to the Court’s decision which must be based solely on the plain text of the law as written. Going to the facts first ends in purposivism and outcome-based preferential decisions by the courts rather than a fair neutral application of the law. Here, however, a dispassionate evaluation of the law supports denying Petitioner relief just as it supports denying relief for those with otherwise compelling facts.

Under 8 U.S.C.A. § 1187, aliens entering the United States agree in advance to waive their right to challenge removal, as follows:

> **(b) Waiver of rights**
>
> An alien may not be provided a waiver under the program unless the alien has waived any right--
>
> **(1)** to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or
>
> **(2)** to contest, other than on the basis of an application for asylum, any action for removal of the alien.

8 U.S.C.A. § 1187(b)(1)-(2). As the Supreme Court has affirmed, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "[D]eportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the government may detain "deportable aliens during the limited period necessary for their removal proceedings." *Id.* The government may also detain aliens post-removal order as long as is "reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner's current detention started on August 19, 2026—approximately nine weeks ago—so it is still presumed reasonable. Petitioner also does not provide any reason to believe she will not be removed in the "reasonably foreseeable future." *See id.* Petitioner's detention does not violate due process. Even if Petitioner is detained for six months, she is not automatically entitled to release. Then she must still produce evidence to show she is not likely to be removed in the foreseeable future. *Id.* Only then does the burden shift to the government. "But so long as removal remains a viable prospect, continued detention, or renewed

detention in the case of an alien previously released, does not violate due process." *Rodriguez v. Vergara*, --- F.4th ---, 2026 WL 3181188 *13 (5th Cir. Oct. 23, 2026).

**b. <u>Motion for TRO/Preliminary Injunction</u>**

As to Petitioner's motion for preliminary injunction, "[a] district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is, however, "an extraordinary and drastic remedy not to be granted unless the [Petitioner] 'clearly carries the burden of persuasion' as to the four prerequisites." *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304 (S.D. Fla. 2018), citing *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985).

Petitioner is not entitled to a preliminary injunction on the facts of this case, as (1) Petitioner has no substantial likelihood of success on the merits of the underlying case (see above); (2) Petitioner is subject to a removal order, and the relief she is seeking is immediate release "pending adjudication of the habeas petition." As this order denies the petition, this issue becomes moot; (3) the balancing calculus is also moot as the underlying petition is being denied; and (4) granting the injunction would be adverse to the public interest where there is a public interest in enforcing federal law. *See Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1308 (S.D. Fla. 2018) ("Petitioner's removal pursuant to the Immigration Judge's [] order is commensurate with the public's interest in enforcing federal law." *See also Nken v. Holder*, 556 U.S. 418, 436, 129 S. Ct. 1749, 1762, 173 L. Ed. 2d 550 (2009). ("There is always a public interest in prompt execution

of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings."). Petitioner thus fails to carry the burden of persuasion as to the four prerequisites required for preliminary injunction.

## III. Conclusion

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. Petitioner's motion for temporary restraining order is likewise **DENIED**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF